FILED
United States Court of Appeals
Tenth Circuit

June 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JORDAN SCOTT BARTON,

     Petitioner - Appellant,

v.

MIKE HUNTER, Oklahoma Attorney
General,

     Respondent - Appellee.

No. 18-5016
(D.C. No. 4:17-CV-00100-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Jordan Scott Barton seeks a certificate of appealability (COA) to appeal

the denial by the district court of his application for relief under 28 U.S.C. § 2254. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal final order in habeas proceeding

challenging state-court detention). We decline to grant a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other

words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The problem for Applicant is that "[t]o obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment." *Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011). Applicant had already been released from custody when he filed his application. In November 2015 he had been sentenced on the same day his jury trial concluded to a one-year term of imprisonment and a $500 fine for domestic-violence offenses. Because he was awarded credit for time served before sentencing, he was promptly released from custody. He did not file his § 2254 application until February 27, 2017. Recognizing that Applicant was not in custody when he filed his application, the district court dismissed it without prejudice for lack of jurisdiction.

Nothing in Applicant's brief to this court suggests that the district court's disposition was incorrect. At the outset it appears to acknowledge that Applicant was not in custody when he filed the application. *See* Aplt. Br. at 1 ("The judge did not believe I needed Domestic Violence Classes or Probation, which would have satisfied Habeas

Jurisdiction . . . . Since it was a Felony Domestic Violence case, I guess the clerk misinformed me when she advised me to file a Habeas Corpus."). Shortly thereafter, however, the brief states: "I am nonetheless asking the United States of America, for a release from UNLAWFUL CUSTODY, stemming from the ILLEGAL and ongoing Deprivation of My Personal Liberty to Parent My Children, the MOST SACRED LIBERTY to any natural creature of Earth." Aplt. Br. at 2. Perhaps Applicant has a claim for the improper denial of his parental rights. But that denial would not place him in "custody" for the purposes of § 2254. The only custody at issue in a parental-rights case is the custody of the child.

Because Applicant was not in custody when he filed his application, relief is not available to him under § 2254. The correctness of the district court's ruling could not be debated by a reasonable jurist.

**CONCLUSION**

We **DENY** a COA and dismiss the appeal. We **DENY** applicant's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge